**HOFLAND & TOMSHECK**
Jason F. Carr, Esq.
Nevada State Bar No. 6587
jasonc@hoflandlaw.com
228 South Fourth Street, 1st Floor
Las Vegas, Nevada 89101
Telephone: (702) 895-6760
Facsimile: (702) 731-6910

Appointed counsel for **Mark Lewis**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARK WAYNE LEWIS,<br><br>    Defendant. | Case No. 2:24-cr-00041-RFB-NJK-1<br><br>**STIPULATION TO EXTEND CHANGE OF PLEA DATE** |

IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, and Daniel J. Cowhig, Assistant United States Attorney, counsel for the United States of America, and Jason F. Carr, Esq., CJA appointed counsel for Mark Lewis, that the change of plea date set for May 31, 2024 at 3:30 p.m. be vacated and continued for not less than thirty days.

The Stipulation is entered into for the following reasons:

1. That the parties have been actively negotiating this case and the concurrent supervised release revocation matter in 2:22-cr-00016-RFB-EJY. The parties believed they had reached a resolution in both matters, but that resolution was complicated by the Ninth Circuit's recent decision in *United States v. Duarte*, CA No. 22-50048, 2024 WL 2068016 (9th Cir. May 9, 2024).

2. That the existence of the *Duarte* opinion complicates both the trial proceedings and Mr. Lewis' currently pending supervised release revocation proceedings because the revocation proceeding is based, partly, on a prohibited possession of a firearm allegation.

3. That both parties are determining the best way forward and trying to ascertain whether the *Duarte* opinion will stand and whether its holding is dispositive regarding Mr. Lewis.

4. That the additional time requested herein is not sought for purposes of delay, but to allow the parties to best gauge how to deal with the potential watershed changes that *Duarte* could work.

5. Additionally, denial of this request for continuance could result in a miscarriage of justice and increase judicial inefficiency . The additional time requested by this Stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i), (iv).

This is the second stipulation to continue filed herein.

DATED this 30th Day of May, 2024.

| HOFLAND AND TOMSHECK | JASON M. FRIERSON |
| | United States Attorney |
| | |
| /s/ Jason F. Carr | /s/ Daniel J. Cowhig |
| By:_____ | By:_____ |
| JASON F. CARR, ESQ. | DANIEL J. COWHIG |
| CJA Counsel for Mark Lewis | Assistant United States Attorney |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK WAYNE LEWIS,<br><br>Defendant. | Case No. 2:24-cr-00041-RFB-NJK-1<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER** |

**FINDINGS OF FACT**

Based on the pending Stipulation of counsel, and good cause appearing therein, the Court finds that:

1. That the parties have been actively negotiating this case and the concurrent supervised release revocation matter in 2:22-cr-00016-RFB-EJY. The parties believed they had reached a resolution in both matters, but that resolution was complicated by the Ninth Circuit's recent decision in *United States v. Duarte*, CA No. 22-50048, 2024 WL 2068016 (9th Cir. May 9, 2024).

2. That the existence of the *Duarte* opinion complicates both the trial proceedings and Mr. Lewis' currently pending supervised release revocation proceedings because the revocation proceeding is based, partly, on a prohibited possession of a firearm allegation.

3. That both parties are determining the best way forward and trying to ascertain whether the Duarte opinion will stand and whether its holding is dispositive regarding Mr. Lewis.

4. That the additional time requested herein is not sought for purposes of delay, but to allow the parties to best gauge how to deal with the potential watershed changes that *Duarte* could work.

5.     Additionally, denial of this request for continuance could result in a miscarriage of justice and increase judicial inefficiency . The additional time requested by this Stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i), (iv).

This is the second stipulation to continue trial level proceedings filed herein.

## **CONCLUSIONS OF LAW**

The ends of justice served by granting said continuance outweigh the best interest of the public and the defendant in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.

The continuance sought herein is excludable under the Speedy Trial Act, Title 18, United States Code, Section § 3161 (h)(7)(A), when the considering the factors under Title 18, United States Code, § 3161(h)(7)(B)(i), (iv).

## **ORDER**

For good cause shown IT IS HEREBY ORDERED that the change of plea proceedings set for May 31, 2024 at 3:30 p.m. is hereby continued to July 2, 2024 at 10:45 a.m.

DATED this 30th day of  May ,2024.

_____
UNITED STATES DISTRICT JUDGE