**HOFLAND & TOMSHECK**
Jason F. Carr, Esq.
Nevada State Bar No. 6587
jasonc@hoflandlaw.com
228 South Fourth Street, 1st Floor
Las Vegas, Nevada 89101
Telephone: (702) 895-6760
Facsimile: (702) 731-6910

Appointed counsel for **Mark Lewis**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARK WAYNE LEWIS,<br><br>　　　　　Defendant. | Case No. 2:24-cr-00041-RFB-NJK-1<br><br>**STIPULATION TO VACATE CHANGE OF PLEA DATE** |

　　　　IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, and Daniel J. Cowhig, Assistant United States Attorney, counsel for the United States of America, and Jason F. Carr, Esq., CJA appointed counsel for Mark Lewis, that the change of plea proceedings set for July 2, 2024, at 10:45 a.m. be vacated. When the parties have worked out the recent complications in this matter caused by the recent decisions in *United States v. Duarte*, 101 F.4th 657 (9th Cir. May 7, 2024), and *United States v. Rahimi*, No. 22-915 (June 21, 2024), they will notify the Court to have the matter put back on calendar.

　　　　The Stipulation is entered into for the following reasons:

　　　　1. That the parties have been actively negotiating this case and the concurrent supervised release revocation matter in 2:22-cr-00016-RFB-EJY.  The parties believed they reached a resolution in both matters, and in fact scheduled the

matter for change of plea, but then the United States Court of Appeals for the Ninth Circuit rendered its decision in *United States v. Duarte*, CA No. 22-50048, 101 F.4th 657 (9th Cir. May 9, 2024), which calls into question the continued viability of 18 U.S.C. § 922(g), the prohibited person in possession of a firearm statute.

2. That the holding of *Duarte* has been, in turn, been called into question by the U.S. Supreme Court's recent decision in *United States v. Rahimi*, No. 22-915 (June 21, 2024).

3. That a fully briefed petition for rehearing is pending before United States Court of Appeals for the Ninth Circuit in the *Duarte* matter.

4. That the Ninth Circuit's decision on that petition for rehearing is important to determining the best manner to proceed with both of Mr. Lewis' pending federal cases.

5. That this Court previously found the time up to and including the currently set trial date of August 26, 2024, is excludable under the Speedy Trial Act. (*See* ECF No. 19.)

6. For these reasons, the parties respectfully request this Court vacate the July 2, 2024 change of plea proceeding.

DATED this 26th Day of June, 2024.

| HOFLAND AND TOMSHECK | JASON M. FRIERSON<br>United States Attorney |
|---|---|
|    */s/ Jason F. Carr*<br>By:_____<br>JASON F. CARR, ESQ.<br>CJA Counsel for Mark Lewis |    */s/ Daniel J. Cowhig*<br>By:_____<br>DANIEL J. COWHIG<br>Assistant United States Attorney |

2

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>  Plaintiff, <br><br> v. <br><br> MARK WAYNE LEWIS, <br><br>  Defendant. | Case No. 2:24-cr-00041-RFB-NJK-1 <br><br> Order Granting in Part Motion to Vacate the Change of Plea Date. |

Based on the pending Stipulation of counsel, and good cause appearing therein, the Court finds that the ends of justice are served by vacating July 2, 2024 change of plea proceeding in order to allow the parties further time to analyze recent developments in the law regarding this prosecution including the significance of the Supreme Court's recent decision in *United States v. Rahimi*, No. 22-915 (June 21, 2024).

This Court has previously found that the time up to, and including, the currently set trial date of August 26, 2024, is excludable under the Speedy Trial Act.  (*See* ECF No. 19.)

IT IS ORDERED the change of plea, currently set for July 2, 2024 is vacated and reset for August 6, 2024 at 3:00 p.m.

Dated this the 27th of June, 2024.

_____
UNITED STATES DISTRICT JUDGE

3